CAVANAGH, J.
(dissenting). I respectfully dissent because I do not think that the Court of Appeals clearly erred by concluding that defendant is entitled to a new trial under the unique facts presented in this case.
I agree with Justice MARILYN KELLY that courts have not always applied Duren v Missouri, 439 US 357; 99 S Ct 664; 58 L Ed 2d 579 (1979), with precision and that reasonable minds can disagree regarding the proper application of Duren. Regardless of the debate raised in this case, however, I agree with Justice Kelly that defendant is nevertheless entitled to relief, even if a broader time frame for evaluating Duren's second prong is considered.
As I explained in People v Smith, 463 Mich 199, 216, 222; 615 NW2d 1 (2000) (CAVANAGH, J., concurring), the approach taken by the Court of Appeals in People v Hubbard (After Remand), 217 Mich App 459; 552 NW2d 493 (1996), should be a relevant consideration in determining whether unfair and unreasonable underrepresentation has been shown. Specifically, “[w]hen the *632 showing of underrepresentation is close, or none of the methods of analysis are particularly well-suited to a case,” I believe courts should “glance ahead” to Duren’s third prong and consider a defendant’s evidence of systematic exclusion. Smith, 463 Mich at 222. Under this approach, if the jury-selection process appears likely to systematically exclude a distinctive group, that is, the jury-selection process bears the mark of a non-benign influence, a court may give a defendant the benefit of the doubt on underrepresentation. Id. at 218, 222-224. Applying this approach to the facts of this case, I agree with Justice KELLY’S conclusion that the Court of Appeals did not clearly err by holding that defendant is entitled to a new trial.
The majority’s decision to hastily adopt the “disparity of risk” test has also given me pause, when, as Justice KELLY aptly observes, the test was not addressed by the lower courts, was not briefed or argued to this Court, and, as the majority concedes, has not been endorsed by any court in the country. Thus, because the substantive merits of the disparity-of-risk test and the majority’s 50 percent threshold[1] were not presented to this Court, I decline to pass judgment on the merits of the test at this time without the benefit of full briefing and oral argument.
Accordingly, I respectfully dissent.

 Indeed, aside from the fact that the issue was not raised or argued by the parties in this case, given the majority’s conclusion that defendant’s risk disparity falls below even the threshold proposed by the author first introducing the disparity of risk test, see ante at 615 n 102, I question whether it is necessary to adopt a higher threshold in this case.